OPINION
Gerard Arnold is appealing the judgment of the Clark County Court of Common pleas, finding him guilty of carrying a concealed weapon and possession of fifty grams of crack cocaine.
On March 3, 2001, Gerard Arnold was driving his white Chevy Suburban motor vehicle with four additional passengers in the City of Springfield in Clark County, Ohio. Officer Montico of the Springfield police department observed Mr. Arnold's vehicle and believed that the vehicle's windows appeared to be tinted impermissibly dark even though he could see people inside the vehicle. Other than the possible window tint violation, the vehicle was obeying all traffic laws and proceeding at a reasonable speed. Stopping the vehicle approximately four or five blocks after initially seeing it, Officer Montico observed movement in the vehicle and therefore called for backup. Officer Montico approached the vehicle on the passenger side. One of the vehicle's windows was rolled down and Officer Montico smelled the odor of burnt marijuana coming from inside the vehicle. The Officer asked Mr. Arnold to exit the vehicle, informed him that he was going to search the vehicle because he had smelled burnt marijuana and placed him in the rear of the patrol car. Officer Montico removed the four other passengers and proceeded to search the vehicle.
During the search of Mr. Arnold's automobile, the officer discovered a plastic baggie in a map pouch by the driver's side door, which was believed to contain crack cocaine. Additionally, the center console between the driver and passenger seats was searched and a loaded firearm was found. When searching the backseat, an officer found marijuana, but it did not appear to be burnt. No evidence of burnt marijuana was found in the vehicle. Additionally, Officer Montico did not observe anyone throwing anything from the vehicle.
Officer Armstrong appeared at the scene with a window tint meter and the window tint was found to be excessive. Officer Montico testified that he issued a citation for the excessive window tint, but did not file a report on the excessive window tint. At the motion to suppress hearing, the citation was not entered into evidence.
On March 13, 2001, Mr. Arnold was indicted on the crimes of possession of crack cocaine in an amount exceeding twenty-five grams but less than one hundred grams in violation of R.C. 2925.11, a first degree felony, and carrying a concealed weapon in violation of R.C. 2923.23, a fourth degree felony. Mr. Arnold challenged the legality of the traffic stop by filing a motion to suppress on April 18, 2001. After holding a hearing, the motion to suppress was overruled. Mr. Arnold then entered a plea of no contest to the charges on July 9, 2001 and trial court made a finding of guilty. A sentencing hearing was held on July 20, 2001 and the trial court sentenced him to four years of incarceration, which was one year more than the minimum sentence Mr. Arnold could have received. Mr. Arnold has filed this appeal from the conviction and sentence.
Mr. Arnold raises the following assignments of error:
 1. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS THE SEARCH OF HIS MOTOR VEHICLE AND THE "FRUITS" GAINED THEREAFTER.
 2. THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO A PERIOD OF INCARCERATION GREATER THAN THE MINIMUM FOR HIS CONVICTION IN COUNT I OF THE INDICTMENT.
 Appellant's first assignment of error:
Mr. Arnold argues that the trial court erred in overruling his motion to suppress because the officer's stop of his vehicle for a window tint violation was pretextual and that the officer's statement that he smelled burnt marijuana was not credible because no evidence of burnt marijuana was found in the vehicle. We disagree.
A police stop of a motor vehicle is a significant intrusion and requires a justification as a "seizure" within the meaning of the Fourth
and Fourteenth Amendments to the United States Constitution. State v.Hendrichs (1988), 46 Ohio App.3d 63, 65. In order to make a traffic stop, a police officer needs only reasonable suspicion based on specific and articulable facts that a traffic law is being violated or that criminal activity is occurring to meet constitutional requirements.State v. Lloyd (1998), 126 Ohio App.3d 95, 102. A police officer may briefly detain an individual while he investigates the suspicious behavior which gave rise to the stop. Terry v. Ohio (1968), 392 U.S. 1. A reviewing court when determining whether a stop of a motor vehicle was proper must consider the totality of the circumstances. State v.Anderson (1995), 100 Ohio App.3d 688, 692. Additionally, the Ohio Supreme Court has stated:
 [W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United Stated Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity.
 Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11.
If a law enforcement officer has probable cause to believe that a vehicle contains contraband, he may search a validly stopped motor vehicle based on the automobile exception to the warrant requirement.Maryland v. Dyson (1999), 527 U.S. 465, 466. In addressing whether the smell of burnt marijuana was sufficient probable cause to search a motor vehicle, the Ohio Supreme Court has held:
 that the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle.
 State v. Moore (2000), 90 Ohio St.3d 47, 48. Moreover, the Moore court stated, [t]here need be no additional factors to corroborate the suspicion of the presence of marijuana." Id. at 50.
Mr. Arnold argues that the stop of his vehicle was pretextual because the officer waited four to five blocks before stopping him, was able to see that there were people in the vehicle, and because no evidence of the citation for the excessive window tint was presented at the hearing other than the officer's testimony that he gave the citation. Additionally, Mr. Arnold points to the fact that the officer decided that he would search the vehicle as soon as he smelled the burnt marijuana, even though he had yet to talk to any of the people in the vehicle. However, Officer Montico testified that Mr. Arnold's windows appeared to be excessively tinted and upon his determination that the window tint was excessive with a window tint meter, a citation was issued to Mr. Arnold. Mr. Arnold's arguments essentially suggest that Officer Montico was not credible and should not be believed. However, the credibility of a witness is within the unique competence of the fact finder as they are in the best position to judge the demeanor of the witness. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288, unreported; State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03, unreported. Therefore as Officer Montico presented a valid reason for the traffic stop in the form of the excessive window tint and the trial court found him credible, we cannot say the trial court erred in concluding that Officer Montico had probable cause to believe that a traffic violation was occurring and that the traffic stop was proper.
Also, Mr. Arnold appears to argue that Officer Montico's statement that he smelled burnt marijuana is not credible because he called for back up before smelling the marijuana, smelled the burnt marijuana before he got to the window of the car and because no evidence of burnt marijuana was found in the search of the vehicle. As stated above the credibility of a witness is for the trial court's determination and will not be disturbed absent evidence that the factfinder lost its way. Lawson, supra;Bradley, supra. Officer Montico testified that he smelled burnt marijuana coming from inside Mr. Arnold's car as he approached the vehicle. Under Moore, the smell of burnt marijuana alone when smelled by a person qualified to detect the odor is sufficient probable cause to search a vehicle. Officer Montico testified that he was familiar with the smell of both burnt and raw marijuana and that he smelled burnt marijuana coming from inside the vehicle. The trial court found Officer Montico credible and we cannot say that the factfinder clearly lost its way in finding him credible. Thus based on Officer Montico's smell of burnt marijuana, the officer was entitled to search the vehicle. The fact that no evidence of burnt marijuana was found in the vehicle is not determinative as Moore states that no additional factors other than the smell of the marijuana are needed for probable cause to conduct the search of a vehicle. We cannot find that the trial court erred in overruling Mr. Arnold's motion to suppress the evidence obtained at the traffic stop. Mr. Arnold's first assignment of error is without merit and overruled.
Appellant's second assignment of error:
Mr. Arnold argues that the trial court erred in sentencing him to one year more than the minimum when he had not previously served a prison term. We disagree.
R.C. 2929.14(B) states that a court which is imposing sentence on a defendant for a felony:
 is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 The minimum sentence for a first degree felony conviction for a violation of R.C. 2925.11 is three years in prison. R.C. 2925.11, 2929.13, 2929.14.
The trial court in giving Mr. Arnold more than the minimum sentence found that the minimum sentence "would be * * * demeaning to the seriousness of the offense." (Tr. 7). Mr. Arnold asserts that the record does not support this finding. As a basis for this determination, the trial court pointed to the fact that Mr. Arnold was found in possession of fifty grams of crack cocaine, which is twice the minimum amount for a first degree felony possession of crack cocaine. Additionally, the trial court pointed to the fact that Mr. Arnold was found in possession of a loaded firearm at the same time that he was in possession of the crack cocaine. Although the trial court did not find any factors to contravene the grant of community control to Mr. Arnold on the carrying a concealed weapon charge, the trial court had the discretion to consider when determining the sentence for the possession of crack cocaine charge that Mr. Arnold was also in possession of a loaded firearm. As the trial court made the required findings and gave a legitimate basis for the findings, we cannot say that the trial court erred in sentencing Mr. Arnold to one year more than the minimum sentence. Mr. Arnold's second assignment of error is without merit and is overruled.
The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.